# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JUDY L. GARTON, | No. CASE NO. C08-5635RJB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | Noted for July 10, 2009 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews v. Weber</u>, 423 U.S. 261 (1976). Plaintiff, William Pearcy, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33. This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter to the administration for further consideration.

REPORT AND RECOMMENDATION - 1

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Judy Garton was born in 1955. She has worked in the past as a cashier and delivering newspapers. She alleges she has been unable to working since February 11, 2006 due pain and limitations associated with arthritis, hepatitis, left shoulder and arm injury, diabetes, and depression. Tr. 55-56.

Plaintiff filed an application for social security Title II disability benefits on March 2, 2006, and based on her years of employment she was last insured on December 31, 2006, (Tr. 71). An administrative law judge ("ALJ") reviewed the matter, including an administrative hearing, and on April 19, 2008, the ALJ issued a decision denying the application. The ALJ found Plaintiff had limitations caused by cervical spine disorders and left shoulder problems. Tr. 15. However, the ALJ concluded Plaintiff was not disabled because she retained the ability to perform past relevant work as a cashier. On August 18, 2008, the Administrative Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision subject to judicial review.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir.2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his or her impairments are of such severity that he or she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Here, Plaintiff argues, in his Opening Brief, one issue: whether or not the ALJ erred when he evaluated the medical evidence. Specifically, Plaintiff argues the ALJ erroneously rejected the opinions of Dr. Siler and Dr. Cove. After carefully reviewing the briefing and record, the undersigned finds the ALJ's findings are not properly supported by substantial evidence. Specifically, the undersigned finds ALJ erroneously discredited the medical evidence. This court recommends that the district court should remand the matter to the administration for further consideration.

# DISCUSSION

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir.1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." Id.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this

REPORT AND RECOMMENDATION - 4

opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831. In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, Plaintiff has listed several medical providers who have examined, evaluated and/or treated her, including Dr. Finkleman, Dr. Schlepp, Dr. Siler, Dr. Stillwell, and Dr. White. Tr. 58-59. The medical records include those reports and opinions, in addition to others, such as the opinions and notes from Dr. Cove and Dr. Coray.

As noted above, Plaintiff argues the ALJ did not properly evaluate the opinions from Dr. Siler and Dr. Cove. Dr. Siler is a family practice/internal medicine physician,, who completed a physical evaluation of Plaintiff on May 9, 2006. Dr. Siler stated that Plaintiff was unable to do anything but sedentary work at that time, noting that she had been receiving epidural injections for her neck pain and that she may need surgery. Dr. Cove is an orthopedic surgeon, who treated Plaintiff beginning in May 2006 through December 2006 (epidural injections and pain medication)(Tr. 273), and ultimately, a surgery (a diskectomy and fusion) was performed in January 2007 to alleviate her neck pain and left cervical radiculopathy. Tr. 270-72.

After reviewing the medical evidence, the ALJ found Plaintiff assessed the following residual functional capacity ("RFC"):

REPORT AND RECOMMENDATION - 5

> [T]he claimant has the residual functional capacity to lift and carry about twenty pounds occasionally and ten pounds frequently. No limitations are found related to sitting, standing, and/or walking, and the claimant is able to sit and stand and/or walk each for a total of at least six hours in an eight-hour workday with normal breaks. The claimant is limited to frequent overhead reaching with her left on-dominant upper extremity and to occasional climbing, balancing, stooping, kneeling, crouching, and crawling.

Tr. 18. The ALJ explained that this RFC is based on his review of all of the medical evidence and Plaintiff's allegations. The ALJ wrote:

> The undersigned has considered all of the medical source opinions of record regarding the claimant's functioning and abilities, including the opinions of Dr. Siler and Dr. Cove. These doctors completed forms for purposes of state assistance in May 2006 and July 2006 respectively and indicate the claimant's ability to perform a limited range of sedentary work. However, neither opinion is well-supported by objective medical findings, and Dr. Siler and Dr. Cove provide little explanation for their opinions. It appears that they may have relied, in large part, on the claimant's subjective report of symptoms and limitations at that time, which was prior to completion of conservative treatment that improved her left arm/shoulder symptoms.
>
> As discussed above, the claimant may be somewhat deconditioned, but the objective medical evidence, longitudinal record, and record as a whole do not support the severity of symptoms and limitations reported by the claimant nor do they show impairments of a severity that would limit the claimant to sedentary exertional work. Dr. Siler's and Dr. Cove's opinions also are not consistent with other medical opinions of record, particularly the opinions of the state agency medical consultants as discussed below. For these reasons, Dr. Siler's and Dr. Cove's opinions that the claimant is limited to sedentary work have been considered but are not accorded controlling weight.

Tr. 22-23.

A review of the medical evidence does not support the ALJ's reasons for rejecting the opinion of Dr. Cove. The ALJ stated that he was not assigning weight to Dr. Cove's opinion that Ms. Garton was capable of performing only sedentary work because it was not by objective medical findings. In contrast to the ALJ's analysis, Dr. Cove's records show a significant period of time where Plaintiff was treated with epidural injections and prescription pain medication. Dr.

REPORT AND RECOMMENDATION - 6

Cove performed a diskectomy and fusion surgery. This evidence is objective and explains Dr. Cove's opinion. Dr. Cove's opinion should not have been rejected as it was by the ALJ.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration, including a review of all the medical evidence and completion of the five-step administrative process.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 10, 2009**, as noted in the caption.

DATED at this 11th day of June, 2009.

J. Richard Creatura
United States Magistrate Judge